IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH NEIMAN <br><br> PLAINTIFF, <br><br> vs. <br><br> THE VILLAGE OF DEERFIELD, DETECTIVE BERNAS, KIMBERLY ARNOLD, DIANE LANE, JEFFREY PRASHAW AND KELLY GUSTAFSON. <br><br> DEFENDANTS. | |

## **COMPLAINT AT LAW**

NOW COMES the Plaintiff, KENNETH NEIMAN, by and through his attorney, Blake Horwitz, Esq., of THE BLAKE HORWITZ LAW FIRM, LTD., and pursuant to this Complaint at Law, states the following against THE VILLAGE OF DEERFIELD, DETECTIVE BERNAS, KIMBERLY ARNOLD, DIANE LANE, JEFFREY PRASHAW AND KELLY GUSTAFSON.

## **JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## **PARTIES**

2. KENNETH NEIMAN (hereinafter "PLAINTIFF") is a resident of the State of Illinois and of the United States.

1

3. The DEFENDANT OFFICER, at all times relevant hereto, was employed by and acting on behalf of the VILLAGE OF DEERFIELD and/or the Deerfield Police Department and is alleged to be acting in his individual capacity.

4. KIMBERLY ARNOLD is a resident of the State of Illinois and of the United States.

5. DIANE LANE is a resident of the State of Illinois and of the United States.

6. KELLY GUSTAFSON is a resident of the State of Illinois and of the United States.

7. JEFFREY PRASHAW is a resident of the State of Illinois and of the United States.

8. DEFENDANTS PRASHAW, GUSTAFSON, ARNOLD and LANE are also collectively referred to herein as the TENANT DEFENDANTS.

9. The VILLAGE OF DEERFIELD is a duly incorporated municipal corporation and is the employer and principal of DEFENDANT OFFICER. At all times material to this Complaint, the DEFENDANT OFFICER was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the VILLAGE OF DEERFIELD.

## FACTS

10. PLAINTIFF is an owner of the residence located at 938 Hemlock St., Deerfield, IL 60015 (hereinafter "residence").

11. PLAINTIFF rented out this residence at various time, to DEFENDANTS ARNOLD, LANE, PRASHAW and GUSTAFSON. The tenancies for these defendants were all prior to the criminal prosecution of the PLAINTIFF.

12. DEFENDANT ARNOLD and DEFENDANT LANE contacted the Deerfield Police Department on multiple occasions through 2013 voicing complaints against PLAINTIFF. These complaints consisted of allegations of trespassing and theft.

13. After the allegations were made, DETECTIVE BERNAS contacted other tenants that occupied the subject premises. In *toto* the theft allegations, from tenants ARNOLD, LANE, PRASHAW and GUSTAFSON provided that PLAINTIFF illegally retained security deposit money for damage to the subject property. The allegations, made by these individuals to DETECTIVE BERNAS falsely attempted to establish that the PLAINTIFF illegally retained money from the security deposit and/or charged these tenants with damage to the property, when they occupied the premises, that was not caused by these tenants or, in the alternative, did not exist. These allegations were false.

14. The TENANT DEFENDANTS falsely represented to BERNAS that they were assessed damage to property, when they occupied the premises and that PLAINTIFF extorted money from the TENANT DEFENDANTS.

15. DEFENDANT DETECTIVE BERNAS was responsible for the investigation and initiation of the charge of theft against PLAINTIFF.

16. The TENANT DEFENDANTS knowingly provided false information to DEFENDANT DETECTIVE BERNAS, as alleged above.

17. DEFENDANT DETECTIVE BERNAS also falsified evidence against the PLAINTIFF by indicating, *inter alia,* that the PLAINTIFF charged tenants for damage that the tenants did not cause and that PLAINTIFF retained incorrect sums from the security deposit. These allegations were a substantial contributing factor to the criminal prosecution and arrest of the PLAINTIFF.

18. Notwithstanding the charges lodged against the PLAINTIFF by these

defendants, all charges against the PLAINTIFF were dismissed.

19. The DEFENDANT OFFICER was on duty at all times relevant to this Complaint, and engaged in the complained of conduct in the course and scope of his employment.

20. On or about September 30, 2013, PLAINTIFF did not commit an act contrary to the laws of the State of Illinois

21. On or about September 30, 2013, DEFENDANT BERNAS did not have probable cause to believe that criminal activity took place relative to PLAINTIFF. However, on said date, BERNAS caused the arrest of the PLAINTIFF.

22. On said date, the PLAINTIFF was suffereing from serious injuries recently sustained due to a vehicular collision. BERNAS knowing this, and while the PLAINTIFF was in the hospital after the collision, caused the PLAINTIFF'S arrest. PLAINTIFF was arrested within three hours after the vehicular collision.

23. As a direct and proximate result of the acts or omissions reflected above, PLAINTIFF suffered damages including, but not limited to, unlawful detention, pain and humiliation, emotional distress, and financial loss.

24. DEFENDANT DETECTIVE BERNAS knowingly falsified the reports that led to the indictment of PLAINTIFF.

25. Each of the TENANT DEFENDANTS knowingly falsified representations to BERNAS that amounted to a substantial contributing factor to the arrest of the arrest and criminal prosecution of the PLAINTIFF.

# COUNT I
# FALSE ARREST
# AGAINST DEFENDANT OFFICER (42 U.S.C. § 1983)

26. PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein

27. The conduct of the DEFENDANT OFFICER was in violation of the Fourth Amendment to the United States Constitution.

28. The aforementioned actions of the defendant officer were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, the PLAINTIFF demands compensatory damages from the DEFENDANT OFFICER, punitive damages, costs and attorneys' fees against and whatever additional relief this Court deems equitable and just.

# COUNT II
# 745 ILCS 10/9-102 CLAIM AGAINST
# THE VILLAGE OF DEERFIELD

29. PLAINTIFF re-alleges paragraphs1-25 as though fully set forth herein.

30. DEFENDANT VILLAGE OF DEERFIELD is the employer of the DEFENDANT OFFICER.

WHEREFORE, should the DEFENDANT OFFICERS be found liable in compensatory damages for any of the alleged counts in this cause, PLAINTIFF, demands that, pursuant to 745 ILCS 10/9-102, the DEFENDANT VILLAGE OF DEERFIELD pay any judgment (excluding punitive damages) obtained against the DEFENDANT OFFICERS as a result of this Complaint.

# COUNT III
# SUPPLEMENTARY CLAIM FOR
# *RESPONDEAT SUPERIOR*

31. PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein.

32. The aforesaid acts of the DEFENDANT OFFICER were in the scope of employment and therefore the DEFENDANT VILLAGE OF DEERFIELD, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any state law counts alleged in this cause, PLAINTIFF, demands that, pursuant to 745 ILCS 10/9-102, DEFENDANT VILLAGE OF DEERFIELD pay any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT IV
## MALICIOUS PROSECUTION
## AGAINST DEFENDANT DETECTIVE BERNAS

33. PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein.

34. DEFENDANT DETECTIVE BERNAS, employed by DEFENDANT VILLAGE OF DEERFIELD falsely alleged, signed criminal complaints, and/or played a substantial role in the prosecution that charged PLAINTIFF with violating laws of the State of Illinois. DEFENDANT DETECTIVE BERNAS initiated and continued a criminal proceeding against PLAINTIFF. The allegations were brought without probable cause and were resolved in favor of PLAINTIFF and in a manner consistent with the innocence of PLAINTIFF.

35. The actions alleged above were the direct and proximate cause of the violations Illinois state law and the injuries sustained by PLAINTIFF.

36. The prosecution against PLAINTIFF terminated in his favor.

WHEREFORE PLAINTIFF demands compensatory damages and costs against said DEFENDANT BERNAS and such other additional relief, as this Court deems equitable and just.

## COUNT V
## MALICIOUS PROSECUTION
## AGAINST THE TENANT DEFENDANTS

37. PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein.

38. The TENANT DEFENDANTS played a substantial role in the prosecution causing the PLAINTIFF to be charged with violating the laws of the State of Illinois.

39. The TENANT DEFENDANTS continued a criminal proceeding against PLAINTIFF. The allegations were brought without probable cause and were resolved in favor of PLAINTIFF and in a manner consistent with the innocence of PLAINTIFF.

40. The actions alleged above were the direct and proximate cause of the violations of Illinois state law and the injuries sustained by PLAINTIFF.

41. The prosecution against PLAINTIFF terminated in his favor.

WHEREFORE PLAINTIFF demands compensatory damages and costs against the TENANT DEFENDANTS, punitive damages and such other additional relief, as this Court deems equitable and just.

## COUNT VI FALSE ARREST
## AGAINST THE TENANT DEFENDANTS

42. PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein

43. The conduct of the TENANT DEFENDANTS proximately caused the arrest of the PLAINTIFF, violating Illinois State law and absent probable cause.

44. The aforementioned actions of these DEFENDANTS were the direct and proximate cause of the violations set forth above.

WHEREFORE, the PLAINTIFF, demands compensatory and punitive damages from these defendants and costs.

## **JURY DEMAND**

45.     PLAINTIFF demands trial by jury.

 

                                                 Respectfully Submitted,

                                                 *s/ Blake Horwitz* _____
                                                 Plaintiff's Attorney

**The Blake Horwitz Law Firm, LTD.**
111 W. Washington St.
Suite 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312) 445-8741