**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH NEIMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 15-cv-4300** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **THE VILLAGE OF DEERFIELD, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

The Court denies the Tenant Defendants' motions to dismiss [34] [37] [41] [43]. Plaintiff is ordered to submit an amended complaint within seven days of this order, clarifying the identity of the "Defendant Officer" as explained in the Court's opinion.

## STATEMENT

This case concerns the alleged false arrest and malicious prosecution of plaintiff Kenneth Neiman ("Plaintiff"), who owns a residential investment property in Illinois. (Compl., [Dkt # 1], at 1-2.) The following facts are presumed true for the purposes of this motion.

The underlying dispute originated when his former tenants, Jeffrey Prashaw, Kelly Gustafson, Kimberly Arnold, and Diane Lane (collectively "the Tenant Defendants"), colluded to have him arrested by lying to the police about his practices as a landlord. (*Id.*) Throughout 2013, defendants Arnold and Lane contacted the Deerfield Police Department ("DPD") numerous times, complaining that Plaintiff was trespassing in their units and stealing from them. (*Id.* ¶ 12.) These allegations were baseless in Plaintiff's view, but they nonetheless prompted an investigation by the DPD, led by Detective Bernas (also a defendant).[1] (*Id.* ¶ 13.) After

---

[1] Detective Bernas's full name is not listed on the docket or in the complaint.

contacting other tenants at the premises, including Prashaw and Gustafson, who both corroborated the allegations of theft,[2] Detective Bernas determined that probable cause existed to arrest Plaintiff and initiated charges against him. (*Id.* ¶¶ 13-18.) That determination, however, was predicated on falsified evidence gathered from the Tenant Defendants. (*Id.*)

Thus, on September 30, 2013, Detective Bernas[3] arrested Plaintiff, just three hours after Plaintiff was in a car accident — a fact Detective Bernas was apparently aware of but chose to ignore (to throw salt in the wound, so to speak). (*Id.* ¶¶ 20-22). The charges against Plaintiff were eventually dismissed, however, (*id.*, ¶ 18), and shortly thereafter he filed the instant complaint, claiming that the Tenant Defendants and Detective Bernas violated his civil rights in myriad ways. The Tenant Defendants now move to dismiss the two counts against them: Count V (malicious prosecution) and Count VI (false arrest).

## **LEGAL STANDARD**

Rule 12(b)(6) permits a party to move for dismissal where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief. *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In ruling on a

---

[2] Although it is unclear who said what, it appears from the complaint that the Tenant Defendants, together, told Detective Bernas that Plaintiff not only trespassed and stole from his tenants, but that he also garnered their security deposits to pay for property damage that was either not their fault or nonexistent.

[3] Plaintiff refers to both a "Defendant Officer" and "Detective Bernas" throughout the complaint, but it is unclear whether those labels refer to the same person. Count I (false arrest), for example, is against "The Defendant Officer," whereas Count IV (malicious prosecution) is against Detective Bernas. The confusion only worsens when considering Count II (indemnification), which refers to "Defendant Officers" (plural), thus suggesting that there may be two DPD officers involved. The Village of Deerfield's answer to Count I, however, indicates it believes Detective Bernas is the Defendant Officer. (*See* Vill. of Deerfield's Answer, [Dkt # 14], at 5) ("The Deerfield Defendants admit that Detective Bernas was on duty and in the scope of his employment."). The Court will therefore assume such on this motion, but it nonetheless orders Plaintiff to file an amended complaint no more than seven days from the entry of this order, clarifying the identity of the "Defendant Officer."

12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). A complaint may survive a motion to dismiss under Rule 12(b)(6) if it contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (ellipsis in original).

## DISCUSSION

### I.    Count V: State Law Malicious Prosecution

To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: (1) the defendant commenced or continued an original criminal proceeding; (2) that proceeding was terminated in the plaintiff's favor; (3) probable cause for the proceeding was lacking; (4) the defendant acted with malice; and (5) the plaintiff suffered damages as a result. *Terry v. Talmontas*, No. 11 CV 6083, 2013 U.S. Dist. LEXIS 28063, at *23 (N.D. Ill. Feb. 26, 2013) (quoting *Swick v. Liautaud, 169 Ill. 2d 504, 662 (1996)). Here, the Tenant Defendants assert that Plaintiff has failed to properly allege elements (1), (2), (4), and (5). The Court disagrees.*

*With respect to the first element, the Tenant Defendants rightly note that generally a defendant commences a criminal proceeding only by filing a complaint or by actively participating in its filing, and that ordinarily, a private citizen does not "commence" such a*

*proceeding merely by giving information to the police. But that is not the whole story. As the Seventh Circuit has explained, legal causation ("commencement") can be attributed to private citizens if they knowingly make false statements to the police. Logan v. Caterpillar, Inc.* 246 F.3d 912, 922 (7th Cir. 2001). And that is precisely what the complaint says: the Tenant Defendants knowingly provided false information to Detective Bernas. (Compl., ¶¶ 13-18.)

Although the Tenant Defendants further claim that this statement is conclusory and therefore fails Rule 8's pleading standards, the Court finds otherwise. Rule 9 provides that states of mind, such as "knowingly," may be alleged generally. Fed. R. Civ. P. 9(b); *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Moreover, the complaint identifies the allegations that were made to Detective Bernas (e.g., that Plaintiff illegally retained money from the Tenant Defendants' security deposits, *see* Compl. ¶ 13) and states that those allegations were false. What else is there to allege? To require more of Plaintiff at the pleadings stage would impose a burden of specificity and factual development that is inconsistent with the broad notice-pleading standards adopted by the Seventh Circuit. *See Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Concerning the second element of malicious prosecution, the Tenant Defendants point out that Plaintiff's criminal charges were dismissed by *nolle prosequi,* and that the favorable termination requirement is not met where a case is dismissed to allow for refiling, as with a *nolle*.[4] But here, too, the Tenant Defendants miss the mark. The method of dismissal is not necessarily dispositive of a malicious prosecution claim; what matters is whether the criminal proceeding was dismissed in a manner indicative of innocence. *See Washington v. Summerville, 127 F.3d 552, 557 (7th Cir. 1997) (directing courts to consider whether "the nolle*

---

[4] Although the complaint alleges simply that Plaintiff's criminal case was terminated in his favor, the manner of that termination is a public record, and the Court may therefore consider it on a motion to dismiss. *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

*prosequi* was entered for reasons consistent with . . . innocence"). That determination can be made only after further factual development. To be sure, Plaintiff will ultimately bear the burden of establishing such facts, but for now, he has adequately pleaded that his criminal prosecution was terminated in his favor.

The third element — a lack of probable cause — is less clear, but it does not warrant dismissal at this time. Probable cause is defined as "a state of facts . . . that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged." *Logan,* 246 F.3d at 926. On Plaintiff's account, every bit of evidence that led to him being criminally charged was a lie. While it is unclear from the complaint whether Detective Bernas knew the Tenant Defendants were lying, Plaintiff further alleges that Detective Bernas himself falsified evidence by "indicating, *inter alia*, that the PLAINTIFF charged tenants for damages that the tenants did not cause and that PLAINTIFF retained incorrect sums from the security deposit." (Compl. ¶ 17.) This suggests that Detective Bernas was, in some way, aware of the falsity of the allegations. In any case, the Tenant Defendants make no argument whatsoever regarding probable cause; hence, when viewed in the light most favorable to Plaintiff, the Court finds that circumstances depicted in the complaint indicate a lack thereof.

Lastly, the Court holds that both malice and damages are adequately pleaded. The complaint generally alleges that the Tenant Defendants acted with malice, which is sufficient under Rule 9(b). With respect to damages, the complaint alleges that Plaintiff suffered pain and humiliation, emotional distress, and financial loss. While the Tenant Defendants claim that these harms do not rise to the level of "special damages," which is generally required for malicious prosecution, they both fail to cite any authority for that principle and, further, get it wrong:

"Under Illinois law, if the malicious prosecution [claim] is based on the institution of criminal proceedings, no showing of special injury is required." *Mihalko v. Daley*, No. 01 C 4846, 2002 WL 726917, at *6 (N.D. Ill. Apr. 24, 2002) (quoting *Voga v. Nelson,* 115 Ill. App. 3d 679, 682 (1983)). Accordingly, Count V stands against the Tenant Defendants.[5]

## II.      Count VI – False Arrest

The Court reaches a similar conclusion for Count VI. Because the Tenant Defendants' arguments in this respect essentially mirror their arguments against Count V, the Court will not rehash in detail its reasoning.[6] To state a claim for false arrest in Illinois, a plaintiff must allege that he "was restrained or arrested by the defendant and [that] the defendant acted without [probable cause]." *Meerbrey v. Marshall Field and Co., Inc.,* 139 Ill. 2d 455, 151 (1990). Where, as here, a police officer makes a false arrest, a plaintiff may recover against a private defendant who supplied information to that officer if he can establish that the defendant "1) directed the officer to arrest the plaintiff or 2) procured the arrest by giving information that was the sole basis for the arrest." *Kiswani v. Phoenix Sec. Agency, Inc.*, 529 F. Supp. 2d 949, 957-58 (N.D. Ill. 2008).

In that respect, Plaintiff claims he was arrested without probable cause, and that the basis for his arrest was the Tenant Defendants' knowingly-false statements to Detective Bernas. This is all that is needed to state a claim for false arrest under federal standards. *See Gardunio v.*

---

[5] The Tenant Defendants, individually, make a number of additional, but irrelevant, arguments, which the Court will address briefly for the sake of thoroughness. Defendant Gustatfson insists that Plaintiff's malicious prosecution claim is grounded in federal law and challenges the sufficiency of the complaint under those standards. But Count V pertains to Illinois law, so Gustafson's arguments are nonstarters. Defendant Prashaw hints at various points that Plaintiff regularly files frivolous suits, and further notes that Plainitff and his wife have filed a case practically identical to this one in state court. What Prashaw hopes to accomplish with these "arguments" is unclear, since he cites no authority for his position and makes no attempt to apply the law to the facts of this case.

[6] Particularly, the Tenant Defendants argue that the complaint fails to allege (i) that the Tenant Defendants "commenced" any proceeding against Plaintiff and therefore caused him to be arrested, and (ii) that probable cause was lacking. As explained above, the Court disagrees.

*Town of Cicero*, 674 F. Supp. 2d 976, 988 (N.D. Ill. 2009) ("The federal notice pleading standard, not Illinois's fact pleading requirement, applies to [p]laintiff's [state law] claims. . . . Under Rule 8 and the federal regime, [n]otice is what counts. Not facts; not elements of causes of action; not legal theories.") (citations and quotations omitted). While the complaint does not specify whether the Tenant Defendants actually directed Detective Bernas to arrest Plaintiff, or whether their statements were the *sole* basis for his arrest, it certainly suggests both, thereby putting the Tenant Defendants on notice of the claim against them.

The only discrepancy lies in paragraph 17 of the complaint, where Plaintiff states that "Detective Bernas also falsified evidence against PLAINTIFF." (Compl. PP 17.) This might suggest that Detective Bernas had an alternative basis for arresting Plaintiff, which would leave the Tenant Defendants off the hook. But the "falsified evidence" referred to in paragraph 17 is precisely the same evidence that the Tenant Defendants supplied (namely, the suggestion that Plaintiff illegally retained their security deposits). It is thus unclear whether Detective Bernas actually fabricated other evidence, or whether he simply relied on the Tenant Defendants' false statements as the sole basis for Plaintiff's arrest. In any case, the Tenant Defendants do not raise this issue, and although Plaintiff will ultimately have to eliminate this lack of clarity with facts, the Court finds that he has adequately pleaded Count VI against the Tenant Defendants at this time.

## CONCLUSION

The Court denies the Tenant Defendants' motions to dismiss [34] [37] [41] [43]. Plaintiff is ordered to submit an amended complaint within seven days of this order, clarifying the identity of the "Defendant Officer" as explained in the Court's opinion.


**SO ORDERED.**                           **ENTERED:   December 22, 2015**

_____
**HON. RONALD A. GUZMÁN**
**United States District Judge**